IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01042-BNB

JOHN BARNES,

        Plaintiff,

v.

ANGUS JEFFERY TIMMONS, and
OFFICER ANTHONY MORABIRO,

        Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

_____

        Plaintiff, John Barnes, initiated this action by filing *pro se* a complaint (ECF No.

1).  On April 30, 2012, Mr. Barnes filed an amended complaint (ECF No. 7).  The court

must construe the amended complaint liberally because Mr. Barnes is not represented

by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for

a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Barnes

will be ordered to file a second amended complaint if he wishes to pursue his claims in

this action.

        The court has reviewed the amended complaint and finds that the amended

complaint is deficient.  First, the amended complaint does not include an address for

Defendant Anthony Morabiro.[1]  Mr. Barnes is advised that he must provide an address

_____

        [1]Defendant Anthony Morabiro also is referred to as Anthony Morabito in the amended complaint.
It is not clear which spelling is correct.

for each named Defendant so that each Defendant can be properly served.  More

importantly, the amended complaint is not signed in violation of Rule 11(a) of the

Federal Rules of Civil Procedure.  It appears that the lack of a signature may be due to

the fact that the signature page from the court-approved Complaint form is missing.

Although not as problematic, the court also notes that other pages in the amended

complaint are not in order and that at least one page is taken from the court-approved *in*

*forma pauperis* motion form, all of which makes the amended complaint more difficult to

read and understand.

The Court also finds that the amended complaint is deficient because it does not

comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Barnes fails to provide a short and plain statement of his claims showing that he is entitled to relief.  It is clear that Mr. Barnes believes his constitutional rights were violated as the result of an incident that occurred on July 23, 2010.  Mr. Barnes alleges that his neighbor, Defendant Angus Jeffery Timmons, contacted the Westminster Police Department on that date and filed a false complaint of criminal mischief against Mr. Barnes claiming that Mr. Barnes was in possession of a firearm and damaged his car with a battery.  Mr. Barnes asserts that he was merely photographing Defendant Timmons because Defendant Timmons had a history of driving recklessly on a residential street in front of his home.  Mr. Barnes further asserts that Officer Morabiro responded and Mr. Barnes was arrested for criminal mischief without a warrant or probable cause.  Although not entirely clear, it appears that Mr. Barnes later entered a guilty plea to an unspecified charge in connection with the July 23, 2010, incident.

Although it is clear that Mr. Barnes believes his constitutional rights were violated, he fails to allege specific facts in support of each claim asserted in this action. For example, Mr. Barnes claims that both Defendants violated his First Amendment right to free speech by "denying him the right to photograph TIMMONS who was in a public area" (ECF No. 7 at 3, 4), but it is not clear what Mr. Barnes means by this allegation or why he is claiming his right to free speech was violated.  With respect to his third claim for relief, which appears to be asserted against both Defendants, Mr. Barnes alleges that Defendant Timmons filed a false police report but he fails to allege any facts that implicate Defendant Morabiro in that claim.  The amended complaint also violates Rule 8 because Mr. Barnes does not request any relief.

3

For these reasons, Mr. Barnes will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.  In order to state a claim in federal court, Mr. Barnes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Barnes file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Barnes shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Barnes fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED May 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge