IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01042–WJM–KMT

JOHN T. BARNES,

    Plaintiff,

v.

ANGUS JEFFERY TIMMONS, JR., and
OFFICER ANTHONY MORABITO,

    Defendants.

---

**ORDER**

---

This matter is before the court on Defendant Morabito's "Motion to Stay" (Doc. No. 26, filed Aug. 10, 2012 [Morabito Mot. Stay]) and "Defendant Timmons [sic] Motion to Stay"[1] (Doc. No. 36, filed Sept. 11, 2012 [Timmons Mot. Stay]). On August 23, 2012, Plaintiff filed a "Motion to Denigh [sic]: 26 Motion to Stay and 23 Motion to Dissmiss [sic]"[2] (Doc. No. 31

---

[1] The full title of Defendant Timmons's Motion is "Defendant Timmons [sic] Motion to Stay and in the Alternative, Motion for Exemption from the 26(f) Requirement of Telephone or Face to Face Communication with the Plaintiff." The court already granted this Motion in part to the extent that it sought an exemption from the Rule 26(f) Planning/Scheduling Conference by ordering that the Rule 26(f) Scheduling/Planning Conference shall occur telephonically. (Minute Order, Doc. No. 40, filed Sept. 17, 2012.) Accordingly, at this time, Defendant Timmons's Motion is only before the court to the extent that it seeks a stay.

[2] The court does not consider Plaintiff's Response to the extent that it addresses Defendant Morabito's Motion to Dismiss.

[Resp. Morabito Mot. Stay]), which the court construes as a response to Defendant Morabito's Motion to Stay. Defendant Morabito filed his Reply on August 24, 2012. (Doc. No. 32).

Plaintiff filed his Response to Defendant Timmons's Motion to Stay on September 14, 2012. (Doc. No. 38 [Resp. Timmons Mot. Stay].) The court directed Defendant Timmons to file a reply in support of his Motion to Stay, if any, no later than September 24, 2012. No reply was filed before or on that date. Accordingly, this matter is ripe for the court's review and ruling.

In this case, Plaintiff asserts three claims for relief, pursuant to 42 U.S.C. § 1983, arising out a July 23, 2010 incident between Plaintiff and Defendant Timmons, who appear to be neighbors. (*See* Compl., Doc. No. 10, filed May 22, 2012.) Defendant Morabito is the officer with the Westminster, Colorado, Police Department that allegedly responded to the scene that evening. (*Id.* at 2.) Plaintiff's first claim alleges that Defendant Morabito effected a false arrest of Plaintiff, in violation of Plaintiff's Fourth Amendment rights, and that Defendant Morabito violated Plaintiff's First Amendment rights by denying Plaintiff the right to photograph Defendant Timmons in a public area. (*Id.* at 4.) Plaintiff's second claim alleges that Defendant Timmons engaged in malicious prosecution, in violation of Plaintiff's Fourteenth Amendment rights, and that Defendant Timmons also violated his First Amendments by denying Plaintiff the right to photograph him in a public area. (*Id.* at 5.) Finally, Plaintiff's third claim alleges a claim for intentional infliction of emotional distress against both defendants pursuant to § 1983. (*Id.* at 6.)

On August 8, 2012, Defendant Morabito filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 23.) Therein, Defendant Morabito asserts that he is

entitled to qualified immunity from Plaintiff's federal law claims, and immunity under the Colorado Government Immunity Act (CGIA) to the extent that Plaintiff's Complaint can be construed to assert a state law tort claim for intentional infliction of emotional distress.  (*See id.*) In his Motion to Stay, Defendant Morabito maintains that discovery should be stayed until the court rules on the immunity issues raised in his motion to dismiss.  (*See* Morabito Mot. Stay.)

On July 13, 2012, Defendant Timmons filed an "Answer to Complaint and Request to Dimiss [sic] Timmons from Lawsuit," which *inter alia,* asserts that he is not a proper defendant to claims arising under § 1983.  (Doc. No. 15, filed July 13, 2012.)  In his Motion to Stay, Defendant Timmons argues that a stay of discovery is appropriate because "[t]here are multiple motions to dismiss pending and it is to the convenience of the court and the Defendants" to stay discovery until these motions are ruled on. (Timmons Mot. Stay at 1.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

3

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

556 U.S. at 685.

As to Plaintiff's potential state law claims, the CGIA provides, in pertinent part:

> A public employee shall be immune from liability in any claim for injury, whether brought pursuant to this article, section 29-5-111, C.R.S., the common law, or otherwise, which lies in tort or could lie in tort . . . which arises out of an act or omission of such employee occurring during the performance of his duties

> and within the scope of his employment unless the act or omission causing such injury was willful and wanton . . . .

Colo. Rev. Stat. § 24-10-118(2)(a).  The CGIA further provides that

> If a public employee raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion.

Colo. Rev. Stat. § 24-10-118(2.5).

The Colorado Supreme Court has emphasized the importance of resolving the immunity question prior to trial (i.e., in a motion to dismiss pursuant to Rule 12(b)) and promotes a procedure "that courts must use to resolve issues of immunity[, which] includes discovery, ruling without hearings, and affording parties the opportunity to request Trinity hearings." *Finnie v. Jefferson Cnty. Sch. Dist. R–1*, 79 P.3d 1253, 1260 (Colo. 2003).  At a minimum, this court should defer to § 24-10-118(2.5)'s stay provision, and, in fact, it may be bound by it.  *See Cossio v. City and Cnty. of Denver,* 986 F. Supp. 1340, 1342 (D. Colo. 1997) (concluding that while not bound by the parallel stay provision for public entities found at Colo. Rev. Stat. § 24-10-108, the court should nevertheless defer to that provision); *Rooker v. Ouray Cnty.,* 841 F. Supp. 2d 1212, (D. Colo. Jan. 13, 2012) (noting in dicta that "discovery must be stayed" pursuant to § 24-10-108 while a motion asserting immunity under the CGIA is pending).

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Although a stay of all discovery is generally disfavored, *see Bustos v. United States*, 257

F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.")  When considering a stay of discovery, this court has considered: (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiff opposes a stay[3] and the court acknowledges that he has a general interest in proceeding expeditiously with this case. However, the court finds any possible prejudice to Plaintiff is outweighed by the burden on Defendant Morabito if he was forced to proceed with discovery in spite of well-established precedent supporting a stay of discovery when qualified and CGIA immunity defenses have been raised. Plaintiff has not asserted that discovery is necessary to resolve either of these immunity issues.

Additionally, the court notes that Defendant Timmons may well be an improper defendant. Although Plaintiff maintains that Defendant Timmons was a cadet with the Denver Police Department, the allegations of Plaintiff's Complaint relate solely to Defendant Timmons's actions as a private citizen. (*See* Compl. at 2.)  Section 1983 establishes a cause of action only

---

[3] Plaintiff's responses to the motions to stay, however, do not provide any salient grounds for denying a stay. (*See* Resp. Morabito Mot. Stay; Resp. Timmons Mot. Stay.)

against persons who act "under color of [state] law," and private citizens can be held liable under the statute in only very limited circumstances. *See Dept. of Pub. Affairs v. Colo. Dept. of Corrs.*, 216 F. Supp. 2d 1167, 1170 (D. Colo. 2002) (quoting § 1983). Thus, the court finds that Defendant Timmons would be subject to a significant burden if he were forced to proceed with discovery only to be dismissed from this action as a patently improper party.

The third *Sting Cheese* factor also favors a stay. The court finds that it is obligated to at least partially stay discovery as to Defendant Morabito, based on his assertion of qualified and CGIA immunity. Allowing Plaintiff's claims against Defendant Timmons to proceed would promote a piecemeal disposition of this case. Additionally, although the court does have an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the motions to dismiss. *Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties or the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

ORDERED that Defendant Morabito's "Motion to Stay" (Doc. No. 26) and "Defendant Timmons [sic] Motion to Stay" (Doc. No. 36) are GRANTED. All discovery in this matter is

hereby STAYED pending ruling on Defendant Morabito's "Motion to Dismiss" (Doc. No. 23) and Defendant Timmons's "Request to Dimiss [sic] Timmons From Lawsuit" (Doc. No. 15).

It is further

ORDERED that the Scheduling Conference set for October 3, 2012 is VACATED. The parties shall file a joint status report within seven days of a ruling on the motions to dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 28th day of September, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge