IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01042–WJM–KMT

JOHN T. BARNES,

    Plaintiff,

v.

ANGUS JEFFERY TIMMONS, JR., and
OFFICER ANTHONY MORABIRO,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendant Timmons' "Answer to Complaint and Request to Dimiss [sic] Timmons from Lawsuit," which the court construes, and hereinafter refers to, as a Motion to Dismiss (Doc. No. 15, filed July 13, 2012 [Timmons Mot. Dismiss]) and Defendant Moribito's[1] "Motion to Dismiss" (Doc. No. 23, filed Aug. 8, 2012 [Morabito Mot. Dismiss]). The court also addresses herein "Defendant Timmons [sic] Response to Plaintiff's Jurisdiction Pleading filed October 1, 2012 and Motion to Strike Certain Pleadings of the Plaintiff and Protection Order Request." (Doc. No. 58, filed Oct. 10, 2012 [Mot. Strike and for Protective Order].) For the following reasons, the court denies Defendant Timmons' Motion to

---

[1] Defendant Morabito's name is misspelled in the caption. The court uses the correct spelling herein.

Strike and for a Protective Order, and recommends that Defendants' Motions to Dismiss be granted.

## FACTUAL BACKGROUND

The following factual background is derived from Plaintiff's Second Amended Complaint (Doc. No. 10, filed May 22, 2012 [SAC]), as well as the parties' submissions with respect to this Recommendation.

On July 23, 2010, Defendant Timmons contacted the Westminster, Colorado, Police Department and requested that an officer come to his home concerning Plaintiff "criminal mischief." (SAC at 2.) Defendant Timmons further stated to the dispatcher that Plaintiff was in possession of a firearm. (*Id.*)

Defendant Morabito, an officer with the Westminster Police Department, responded to the scene. (*Id.*) Upon Officer Morabito's arrival, Defendant Timmons told Officer Morabito that Plaintiff pointed a red light into his car while he was seated in it, and that a 9-volt battery struck his vehicle. (*Id.*) Defendant Timmons also stated that, after he parked his car, Plaintiff verbally harassed and threatened him, and pointed a red light at him. (*Id.*) Plaintiff responded that he was taking pictures of Defendant Timmons with his camera in order to document his "history of driving recklessly" on the street in front of Plaintiff's house. (*Id.*) Plaintiff was arrested by Officer Morabito for criminal mischief. (*See id* at 2, 4.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 30, 2012. Plaintiff asserts three claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights.

Defendant Timmons filed his Motion to Dismiss on July 13, 2012. Plaintiff filed an "Answer to Request for Dissmissal [sic]" on August 2, 2012, which the court construes, and hereinafter refers to, as a Response to Defendant Timmons' Motion to Dismiss.[2] (Doc. No. 20, filed Aug. 2, 2012.) Defendant Timmons filed a Reply on August 22, 2012.[3] (Doc. No. 30.)

Defendant Morabito filed his Motion to Dismiss on August 8, 2012. Plaintiff filed a "Motion to Denigh [sic]: 26 Motion to Stay and 23 Motion to Dissmiss [sic]" on August 23, 2012, which the court construes, and hereinafter refers to, as Plaintiff's Response to Defendant Morabito's Motion to Dismiss.[4] (Doc. No. 31.) Defendant Morabito filed a Reply on August 24, 2012. (Doc. No. 33.)

---

[2] Plaintiff filed an additional document that appears to be responsive to Defendant Timmons' Motion to Dismiss on August 6, 2012. (*See* Doc. No. 22.) Although Plaintiff was allowed only one response to Defendant Timmons' Motion to Dismiss, *see* D.C.COLO.LCivR 7.1C, the court has reviewed this document and finds that it does not materially alter the court's analysis of Defendant's Timmons' Motion to Dismiss.

[3] On August 27, 2012, Plaintiff filed a "Reply to Defendant's Request for dismissal of Defendant Timmons from The Law Suit." (Doc. No. 34.) The court construes this filing to be a surreply. There is no provision in either the Federal Rules of Civil Procedure or the Local Rules of Practice in the District of Colorado for the filing of a surreply without leave of court. Nevertheless, the court has reviewed this document and finds that it does not materially alter the court's analysis of Defendant Timmons' Motion to Dismiss.

[4] Prior to filing his Response, Plaintiff filed two documents that appear to be responsive to Defendant Morabito's Motion to Dismiss. (*See* Doc. No. 25, filed Aug. 8, 2012; Doc. No 29, filed Aug. 17, 2012.) However, neither of these single-page submissions address the substance of Defendant Morabito's Motion to Dismiss. As such, the court considers Document Number 31 to be Plaintiff's Response to Defendant Morabito's Motion to Dismiss. Nevertheless, the court has reviewed these additional filings and finds that their substance does not materially alter the court's analysis of Defendant Morabito's Motion to Dismiss.

Defendant Timmons filed his Motion to Strike and for a Protective Order on October 10, 2012. Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until November 3, 2012 to file a response. Plaintiff did not file a response before or at any time after that date. Accordingly, these motions are ripe for the court's review.

## LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B.       *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

### C. *Qualified Immunity*

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Although qualified immunity is most often raised at the summary judgment stage, the Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to dismiss. *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645-46 (10th Cir.

1988). Once the defense is asserted, the burden shifts to the plaintiff to establish 1) that the defendant's actions violated a federal constitutional or statutory right and 2) that the federal right was clearly established at the time of the challenged conduct. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010); *see also Losavio*, 847 F.2d at 646. While the plaintiff bears this burden, at the motion to dismiss stage, well-pleaded factual allegations are taken as true, although the court must consider whether they plausibly give rise to a claim for relief. *Weise v. Casper*, 593 F.3d 1163,1166 (10th Cir. 2010).

The plaintiff first must establish that his allegations, taken in the light most favorable to plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If the plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id*. This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id*. "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. If the plaintiff fails to satisfy either part of this "heavy two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

## ANALYSIS

### I. MOTIONS TO DISMISS

#### A. Claim One

Plaintiff's first claim asserts that Defendant Morabito effected a false arrest of Plaintiff in violation of Plaintiff's Fourth Amendment rights, and denied Plaintiff the right to photograph

Defendant Timmons, in violation of his First Amendment rights to free speech. (SAC at 4.) Defendant Morabito argues that he is entitled to qualified immunity from this claim because Plaintiff's allegations fail to establish a violation of his First and Fourth Amendment rights. (Morabito Mot. Dismiss at 4-7.) The court agrees.

"A warrantless arrest is lawful under the Fourth Amendment if there is probable cause[5] to believe that the person arrested has committed an offense." *Tanberg v. Sholtis*, 401 F.3d 1151, 1159 (10th Cir. 2005) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 322 (2001)). "Probable cause exists to arrest if 'facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.'" *Id.* at 1159 (quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)). The Tenth Circuit has held that, for purposes of qualified immunity:

> When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff. Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.

*Romero*, 45 F.3d at 1476 (citations and quotations omitted). "Probable cause must be evaluated in relation to the circumstances as they would have appeared to prudent, cautious and trained

---

[5] The court notes that Plaintiff's Amended Complaint actually states that Defendant Morabito "made a warrantless arrest <u>with</u> probable cause." (SAC at 4) (emphasis added.) In light of the fact that Plaintiff is asserting a § 9183 claim for false arrest, the court assume this was a typographical error, and that he actual alleges that Defendant Morabito made the warrantless arrest <u>without</u> probable cause.

8

police officers." *United States v. McCormick*, 468 F.2d 68, 73 (10th Cir. 1972) (citing *Trusty v. State of Okla.*, 360 F.2d 173 (10th Cir. 1966)); *Murray v. United States*, 351 F.2d 330 (10th Cir. 1965)).

The court finds that the allegations contained in the Second Amended Complaint demonstrate that Defendant Morabito had reasonable grounds to believe that probable cause existed to arrest Plaintiff. In Westminster, it is unlawful for "any person to knowingly or recklessly damage the real or personal property of one (1) or more other persons, where the aggregate damage to the real or personal property is less than five hundred dollars ($500)." Westminster Colo. Code § 6-3-4(b) *available at* http://www.ci.westminster.co.us /CityGovernment/CityCode /TitleVI/3Theft FraudTrespassingLoitering.aspx.[6]

Plaintiff alleges that Defendant Timmons stated to Defendant Morabito that Plaintiff "pointed a red light into his car, while he was seated in it, and an object (a 9 volt battery) struck his vehicle." (SAC at 2.) Although Plaintiff alleges that Defendant Morabito "did not take into account [his] statements," he does not allege that he disputed Defendant Timmons' account of the incident. (*Id.* at 4.) Moreover, it appears that a 9-volt battery was indeed found at the scene—although Plaintiff maintains that Defendant Morabito "failed to preserve the 9 volt battery as physical evidence."[7] (*Id.*)

---

[6] The court may take judicial notice of municipal ordinances. *Zimomra v. Alamo Rent-a-Car, Inc.,* 11 F.3d 1495, 1503-04 (10th Cir. 1997).

[7] The court further notes that, in the prior iterations of Plaintiff's complaint (Doc. No. 1 [Compl.]; Doc. No. 2 [Am. Compl.]), Plaintiff admits that Defendant Morabito "document in his police that he walked over to observe the damage on [Defendant Timons'] vehicle and collected

In light of Defendant Timmons unrebutted statement to Officer Morabito, as well as the fact that a 9-volt battery was found at the scene, a reasonable officer could have believed that probable cause existed to arrest Plaintiff for criminal mischief. At very worst, Defendant Morabito mistakenly but reasonably believed that probable cause existed to arrest Plaintiff. This entitles him to qualified immunity. *Romero*, 45 F.3d at 1476.

The court also agrees that Plaintiff has failed to state a claim for violations of First Amendment rights. Plaintiff alleges only that Defendant Morabito "den[ied] him the right to photograph [Defendant Timmons] who was in a public area." (SAC at 4.) This falls well short of stating a claim for relief. Even assuming that Plaintiff had a First Amendment right to take a photograph of Defendant Timmons while he was "driving recklessly," *cf. Fordyce v. City of Seattle,* 55 F.3d 436, 439 (9th Cir. 1995) (recognizing "First Amendment rights to film matters of public interest"), it is unclear how Defendant Morabito violated this right. To the extent that Plaintiff is alleging that Defendant Morabito arrested him for taking Defendant Timmons' picture, his own allegations contradict such a notion. As discussed above, Plaintiff admits that he was arrested for criminal mischief—that is, causing damage to the personal property of another. *See* Westminster Colo. Code § 6-3-4(b).

Accordingly, the court finds that the Plaintiff's Complaint fails to establish that Defendant Morabito violated his First or Fourth Amendment rights. As such, the court finds that

---

a 9 volt battery." (Compl. at 2; *see also* Am. Compl. at Doc. No. 1 at 2.) These factual allegations, although not before the court on its review of the Second Amended Complaint, would only further bolster the court's conclusion that Defendant Morabito had probable cause to arrest Plaintiff for criminal mischief.

Defendant Morabito is entitled to qualified immunity from Plaintiff's first claim. Therefore, the court finds that Plaintiff's first claim is properly dismissed.

### B.     *Claim Two*

Plaintiff's second claim asserts a § 1983 conspiracy claim against Defendant Timmons. (SAC at 4.) Defendant Timmons argues that he cannot be held liable under § 1983 because the statute only governs those acting under color of law and he was merely "a private citizen . . . who called for police assistance in dealing with a crime that had occurred against him." (Timmons Mot. Dismiss at 1.) The court agrees with the thrust of Defendant Timmons' argument.

Section 1983 established a cause of action only against persons who act "under color of [state] law." *Dept. of Pub. Affairs v. Colo Dept. of Corrs.,* 216 F. Supp. 2d 1167, 1170 (D. Colo. 2002). As a private citizen, Defendant Timmons can be held liable under § 1983 only if he was a "willful participant in joint action with the State or its agents." *Beedle v. Wilson,* 422 F.3d 1059, 1071 (10th Cir. 2005) (quoting *Dennis v. Sparks,* 449 U.S. 24, 27 (1980)). In order to establish a § 1983 conspiracy claim against a private citizen, Plaintiff must establish (1) a joint participation, agreement, or "meeting of the minds," and (2) an actual violation of constitutional rights. *Thompson v. City of Lawrence,* 58 F.3d 1511, 1517 (10th Cir. 1995); *Aly v. Rocky Mountain Holding, L.L.C.,* 203 F.3d 834, 2000 WL 18878, at *4 (10th Cir. Jan. 12, 2000) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 158 (1970)). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present

facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983).

Plaintiff's second claim fails to establish both element of a § 1983 conspiracy claim. First, Plaintiff fails to allege any facts suggesting that Defendants Timmons and Morabito agreed to engage in concerted action on July 23, 2010. Rather, Plaintiff's own allegations make clear that Defendant Timmons acted unilaterally as a private citizen in calling the police, and that Defendant Morabito acted independently by responding to the scene. *See Lee v. Town of Estates Park, Colorado,* 820 F.2d 1112, 1114 (10th Cir. 1987) (Merely reporting suspected criminal activity is not sufficient *per se* to give rise to liability under a joint action theory).

Plaintiff also alleges, in the first paragraph of this claim, that "[s]everal times in the past," unnamed Westminster police officers responded to Plaintiff's complaints about Defendant Timmons, but failed to "mak[e] an arrest or other efforts to stop future incidents from occurring" because they knew that Defendant Timmons was a cadet with the Denver Police Department. (SAC at 5.) However, even assuming Defendant Timmons was a Denver Police cadet,[8] this does not transform him into a state actor with respect to the allegations in Plaintiff's Complaint. Again, Defendant Timmons acted solely in his capacity as a private citizen in contacting the Westminster Police Department on July 23, 2010. Further, these allegations fail to establish that Defendant Timmons somehow entered an agreement or had a meeting of the minds with these unnamed officers.

---

[8] Defendant Timmons denies that he was a Denver Police cadet or officer. (*See* Mot. Strike at 1.)

Plaintiff also has failed to demonstrate a violation of his constitutional rights. Plaintiff's allegations that Defendant Timmons engaged in malicious prosecution, in violation of his Fourteenth Amendment rights, fail to establish a constitutional violation because, as discussed above, Defendant Morabito had probable cause to arrest Plaintiff. *Novitsky v. City of Aurora,* 491 F.3d 1244, 1258 (10th Cir. 2007) (the elements of a § 1983 malicious prosecution claim include, *inter alia,* a lack of probable cause to support the arrest).[9] Furthermore, consistent with the court's discussion of Plaintiff's first claim above, the court finds that Plaintiff has failed to establish that his First Amendment rights were infringed.

Accordingly, the court finds that Plaintiff's second claim fails to state a claim upon which relief can be granted. Therefore, the court finds that Plaintiff's second claim is properly dismissed.

### C.     *Claim Three*

Plaintiff's third claim alleges intentional infliction of emotional distress, pursuant to § 1983, against Defendants Morabito and Timmons. (SAC at 6.) However, intentional infliction of emotional distress is a state law tort claim; it cannot be asserted under § 1983. *Gammons v. City and Cnty. of Denver,* 10-cv-01598-REB-MJW, 2011 WL 4104979, at *9 (D. Colo. Sept. 15, 2011); *see also Castaldo v. Stone,* 192 F. Supp. 2d 1124, 1150 (D. Colo. 2001) (§ 1983 does not transform mere torts into constitutional violations). Reading this claim as a state law claim for

---

[9] In addition, the prior iterations of Plaintiff's complaint admit that Plaintiff pled guilty to the offense—although Plaintiff maintains that he was coerced into doing so. (Compl. at 4; Am. Compl. at 7.) This would further foreclose Plaintiff's malicious prosecution claim as Plaintiff must demonstrate that the criminal action terminated in his favor. *Novitsky,* 491 F.3d at 1258.

intentional infliction of emotional distress, as Defendant Morabito suggests, would be improper as it would require that the court ignore Plaintiff's specific invocation of § 1983 as the basis of his claim. *Gammons,* 2011 WL 4104979, at *10 (further noting that "[s]uch a reading is improper because it amounts to a unilateral court initiated amendment of the plaintiff's complaint.") In any event, even if the claim could be construed to assert a state law tort claim, the court has concluded that all of Plaintiff's federal law claims are properly dismissed. As such, the court finds that it proper to decline to exercise jurisdiction over such a state law tort claim. *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, the court finds that Plaintiff's third claim is properly dismissed.

### D. *Official Capacity Claims*

Although not addressed in Defendant Morabito's Motion to Dismiss, it appears that Plaintiff is asserting claims against Defendant Morabito in his official capacity. (SAC at 4.) Claims against individuals in their official capacity are generally treated as suits against the municipality—here, the City of Westminster. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). Municipal entities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978). However, a municipality cannot be liable under § 1983 without a predicate constitutional harm inflicted by an officer. *Jiron v. City of Lakewood,* 392 F.3d 410, 419 (10th Cir. 2004) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1985)).

Here, the court has found that Plaintiff's allegations fail to establish that Defendant Morabito violated his constitutional rights. As such, without this predicate constitutional harm, Plaintiff's official capacity claim against Defendant Morabito fails and is properly dismissed.

## II.   MOTION TO STRIKE

As a final matter, the court addresses Defendant Timmons' Motion to Strike and for a Protection Order. To the extent that Defendant Timmons' motion seeks a protective order out of genuine concern for his safety, such matters are better suited to investigation by local law enforcement authorities. The court will further deny Defendant Timmons' request to strike Plaintiff's various unauthorized filings as moot in light of the court's recommendation that Plaintiff's claims be dismissed in their entirety.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant Timmons' "Answer to Complaint and Request to Dimiss [sic] Timmons from Lawsuit"(Doc. No. 15) and Defendant Moribito's "Motion to Dismiss" (Doc. No. 23) be GRANTED and that Plaintiff's Second Amended Complaint (Doc. No. 10) be dismissed in its entirety. The court further

RECOMMENDS that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.  It is further

ORDERED that "Defendant Timmons [sic] Response to Plaintiff's Jurisdiction Pleading filed October 1, 2012 and Motion to Strike Certain Pleadings of the Plaintiff and Protection Order Request" (Doc. No. 58) is DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge