**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-01042-WJM-KMT

JOHN T. BARNES,

    Plaintiff,

v.

ANGUS JEFFREY TIMMONS, JR., and,
OFFICER ANTHONY MORABITO

    Defendant.

**ORDER ADOPTING RECOMMENDATION AND GRANTING
DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on the February 5, 2013 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 64) that Defendants' Motions to Dismiss be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I. BACKGROUND

The facts are contained in the Plaintiff's Second Amended Complaint and detailed in the Recommendation, which the Court incorporates herein. Briefly, Plaintiff John Barnes and Defendant Angus Jeffery Timmons are neighbors. On July 23, 2010, Defendant Timmons called the Westminster police department and reported that Plaintiff was in possession of a firearm. Defendant Anthony Morabito responded to the call and, upon his arrival, Timmons informed Morabito that Plaintiff had pointed a red light into his car and thrown a 9 volt battery at it. Plaintiff told Morabito that he was taking pictures of Timmons because Timmons had a history of driving recklessly in front of Plaintiff's house.

Morabito documented on his police report that he walked over to observe the damage on Timmons's vehicle and collected a 9 volt battery. Plaintiff denied throwing anything toward Timmons's vehicle but Morabito arrested him for criminal mischief.

On these facts, Plaintiff's Amended Complaint—filed *pro se*—brings the following causes of action: (1) false arrest and retaliation for exercise of his First Amendment rights in violation of 42 U.S.C. § 1983 against Morabito; (2) conspiracy to violate civil rights and retaliation for exercise of Plaintiff's First Amendment rights pursuant to 42 U.S.C. § 1983 against Timmons; (3) malicious prosecution against Timmons; and (4) intentional infliction of emotional distress against Timmons.

Timmons filed a *pro se* Answer and "Request to Dismiss", which the Court construes as a Motion to Dismiss. (ECF No. 15.) Morabito filed a Motion to Dismiss in lieu of an answer. (ECF No. 23.) The Court referred the Motions to Dismiss to Magistrate Judge Tafoya for a recommended decision. (ECF Nos. 16 & 24.) The Magistrate Judge recommends granting the Motions and dismissing this case. (ECF No. 64.) Plaintiff has objected to this recommendation. (ECF No. 68.)

## II.  STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues–factual and legal–that are at the heart of

the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

The Magistrate Judge recommends dismissing all of Plaintiff's claims. Plaintiff's Objection touches on each of these claims and, therefore, the Court will review each *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

**A.  False Arrest**

Plaintiff alleges that Morabito "affected a false arrest" in violation of the Fourth Amendment. To withstand constitutional scrutiny, a warrantless arrest must be supported by probable cause. *See United States v. Vazquez–Pulido*, 155 F.3d 1213, 1216 (10th Cir. 1998). An officer has probable cause to arrest if, under the totality of circumstances, he "learned of facts and circumstances through reasonably trustworthy information that

would lead a reasonable person to believe that an offense has been or is being committed by the person arrested." *Vazquez–Pulido*, 155 F.3d at 1216.  Although probable cause need not be based on facts sufficient for a finding of guilt, it requires "more than mere suspicion."  *Id.* (citing United *States v. Hansen*, 652 F.2d 1374, 1388 (10th Cir. 1981)).  "Probable cause must be evaluated in light of circumstances as they would have appeared to a prudent, cautious, trained police officer." *United States v. Snow*, 82 F.3d 935, 942 (10th Cir. 1996); *see generally Ornelas v. United States*, 517 U.S. 690, 700 (1996) (indicating "that a police officer may draw inferences based on his own experience in deciding whether probable cause exists"); *United States v. Santana–Garcia*, 264 F.3d 1188, 1192 (10th Cir. 2001) ("We measure probable cause against an objective standard and evaluate it in relation to the circumstances as they would appear to a prudent, cautious and trained police officer.").

Plaintiff was arrested for criminal mischief which, per municipal code, is intentional damage to another's real or personal property where the damages is less than $500. (ECF No. 64 at 9.)  Thus, if Morabito had probable cause to believe that Plaintiff intentionally harmed Timmons's property, he was entitled to arrest Plaintiff without a warrant for criminal mischief.

Plaintiff appears to allege that Morabito did not have probable cause to arrest him because "[t]here were no witnesses, no physical documents either video/audio, failed to preserve the 9 volt battery as physical evidence, did not take into account Barnes' statement".  (ECF No. 10 p. 3.)  However, Plaintiff admits that Timmons reported that Barnes damaged Timmons's car with a 9 volt battery.  (*Id*. at 4.)  "When police officers

obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 525 (7th Cir. 2001).

Given Timmons's report of Plaintiff's behavior to Morabito, the Court finds that a reasonable officer in Morabito's position could have believed that he had probable cause to arrest Plaintiff for criminal mischief. Accordingly, Morabito is entitled to qualified immunity on this claim and the claim should be dismissed.

### B.  First Amendment Retaliation

Plaintiff alleges that he was arrested in violation of his First Amendment right to take pictures of Timmons in a public area. (ECF No. 10 at 3.)

To show a violation of his First Amendment rights, Plaintiff must satisfy the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

Having reviewed the relevant documents, the Court finds that Plaintiff has failed to allege sufficient facts showing that his arrest was "substantially motivated" by the fact that he was taking pictures of Timmons. Rather, Plaintiff admits that Timmons filed a police report alleging that his car was damaged by a 9 volt battery which Timmons alleged was thrown by Plaintiff. Plaintiff also admits that he was arrested for criminal mischief based

on this report of damage to Timmons's car.  The record is devoid of any allegation showing that Plaintiff's arrest was motivated by the fact that Plaintiff was photographing Timmons.

Accordingly, the Court finds that Plaintiff has failed to allege sufficient facts to state a claim for First Amendment retaliation and that the claim should be dismissed.

**C.     Section 1983 Claims against Timmons**

Plaintiff's second claim is brought against Timmons under 42 U.S.C. § 1983 and alleges that Timmons conspired to interfere with Plaintiff's civil rights.  (ECF No. 10 at 5.)  However, Section 1983 only establishes a cause of action against individuals who are acting "under color of law."  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).  "Thus, the only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it."  *Id*. (internal quotations omitted).

Based on the record, it is clear that, during the events in question, Timmons was a private citizen and not a state actor.  As a private citizen, Timmons can be held liable under § 1983 only if he was a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiff alleges that Timmons falsely reported that Plaintiff had a gun and damaged Timmons's car with a 9 volt battery.  (ECF No. 10 at 6.)  Plaintiff contends that Timmons knew this report was false and that Timmons and Morabito manipulated false facts to effect Plaintiff's arrest.  (ECF No. 68 at 8.)  Plaintiff also generally alleges that Timmons was "friends" with many police officers because Timmons was, at the time of

this incident, a police cadet.  (*Id*. at 9-11.)

Conclusory allegations of a conspiracy between a private individual and a state actor are not sufficient to bring a Section 1983 claim against a private individual.  *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  Plaintiff has failed to allege any specific facts showing that Timmons and Morabito engaged in a conspiracy or that Timmons willfully participated in a joint action with Morabito to deprive Plaintiff of his constitutional rights.  Thus, the Court finds that Plaintiff has failed to sufficiently allege that Timmons was acting under color of law.  Accordingly, the Court concludes that Plaintiff has failed to state a claim for a Section 1983 violation against Timmons.

### D.     Remaining Claims

Plaintiff's Second Amended Complaint also bring claims against Timmons and Morabito for intentional infliction of emotional distress and malicious prosecution.  (ECF No. 10 at 5-6.)  While these claims are couched in terms of Section 1983, they are actually state common law claims as Section 1983 applies only to constitutional violations.  Thus, the only claims remaining in this case arise from Colorado state law.

Because the Court had original jurisdiction over the Plaintiff's Section 1983 claims, while those claims were pending, it also had supplemental jurisdiction over the Plaintiff's two state law claims.  *See* 28 U.S.C. § 1367.  The case is now in a fundamentally altered procedural posture given that the Court is herein dismissing Plaintiff's Section 1983 claims.  A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law."  *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005).  The Court finds that

neither of the state law claims at issue in this case turn on substantial questions of federal law.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350.

If, as here, federal claims are dismissed before trial, the federal district court should ordinarily decline to exercise supplemental jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). The Court finds that Plaintiff's remaining claims are grounded in state law and that there is no compelling reason to retain federal jurisdiction.

Accordingly, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims and such claims will be dismissed without prejudice. *See Brooks*, 614 F.3d at 1229; *TV Commc'ns Network, Inc.*, 964 F.2d at 1028; *Thatcher Enters.*, 902 F.2d at 1478.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 64) is ADOPTED;

2. Defendant Timmons's "Answer to Complaint and Request to Dismiss" (ECF No. 15) is GRANTED;

3. Defendant Morabito's Motion to Dismiss (ECF No. 23) is GRANTED;

4. Plaintiff's Second Amended Complaint (ECF No. 10) is DISMISSED in its entirety;

5. Plaintiff's Section 1983 claims for false arrest, First Amendment retaliation, and conspiracy are DISMISSED WITH PREJUDICE;

6. Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress are DISMISSED WITHOUT PREJUDICE; and

7. The Clerk shall close the case. Defendants shall have their costs.

Dated this 12th day of March, 2013.

BY THE COURT:

William J. Martínez
United States District Judge